[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15563
Non-Argument Calendar
_____

FILED

U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
June 28,2005

D.C. Docket No. 03-20980-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT TRAHAN,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 28, 2005)

Before BARKETT, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Robert Trahan, a federal prisoner, appeals his convictions and sentences for

conspiracy to possess with intent to distribute 100 kilograms or more of marijuana,

in violation of 21 U.S.C. § 846, and possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1). On appeal, Trahan argues that the district court abused its discretion in admitting evidence of his prior bad acts under Fed.R.Evid. 404(b). Specifically, Trahan claims that the court should not have admitted the testimony of his codefendant, Aldo Gonzalez, concerning a prior marijuana transaction that the two participated in several months before the charged crimes occurred.

We review a district court's decision concerning the admissibility of evidence of uncharged misconduct under Rule 404(b) for an abuse of discretion. United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001). Under Rule 404(b), evidence of a defendant's prior bad acts is not admissible to prove the defendant's character in order to show action in conformity therewith. However, evidence of prior bad acts is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed.R.Evid. 404(b). Rule 404(b) is a rule of inclusion, and "404(b) evidence, like other relevant evidence, should not lightly be excluded when it is central to the prosecution's case." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation omitted).

Under this standard, we find no abuse of discretion in the trial judge's decision to admit Gonzalez's testimony concerning the prior marijuana transaction. First, this evidence was introduced to show Trahan's intent and knowledge with respect to the charged offense, not to prove bad character. Because Trahan was charged with conspiracy to possess and possession of marijuana, evidence that he participated in a prior marijuana trafficking incident was relevant to his knowledge and intent with regard to the crime charged. Trahan admitted as much at the pretrial hearing, where he conceded that the evidence "would go to the issue of knowledge and intent," that there was a "great deal of similarity" between the two events, and that it would undermine his defense "that he had no knowledge of the drugs. . . ." Second, a jury could have found by a preponderance of the evidence that the Trahan committed the uncharged misconduct. Even though Gonzalez's testimony was uncorroborated, it provided a sufficient basis for concluding that Trahan committed the extrinsic acts. Finally, even if admission of the evidence would otherwise have unfairly prejudiced Trahan, the district court gave the jury a detailed limiting instruction immediately before Gonzalez testified concerning prior incident. This instruction mitigated any prejudice that resulted from the introduction of the testimony. See Calderon, 127 F.3d at 1333.

Upon review of the record, and upon consideration of the parties' briefs, we find no reversible error.  For the foregoing reasons, we affirm.

**AFFIRMED.**